**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Connie Tindell and Matthew Tindell,<br>        Plaintiffs,<br>v.<br>Northwest Hospital, LLC; and United States of America,<br>        Defendants. | CV 24-00310-TUC-MAA<br><br>**Report and Recommendation** |

Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(1) filed by defendant United States of America ("the defendant") on June 27, 2024. Doc. 5. The plaintiffs filed a response on July 3, 2024. Doc. 9. The defendant filed a reply on July 24, 2024. Doc. 14.

This Report and Recommendation is directed to the Honorable Raner C. Collins pursuant to General Order 21-25.

The motion seeks dismissal of defendant United States of America from this action because the plaintiffs have not administratively exhausted their claim pursuant to the Federal Tort Claims Act. The motion should be granted.

Background

The plaintiffs (hereinafter "the Tindells") allege that Alicia M. Constantino, M.D., committed medical negligence when she performed a surgical procedure on plaintiff Connie Tindell at Northwest Hospital. Complaint, Doc. 1-4. The Tindells filed suit against Constantino and Northwest Hospital in Pima County Superior Court. *Id.* On June 17, 2024,

the United States Attorney certified that Constantino is an employee of Marana Health Center and the Public Health Service pursuant to 42 U.S.C. s 233(g), and Constantino was "acting within the scope of her deemed federal employment . . . at the time of the matters giving rise to this lawsuit." Doc. 1-9.  The action was removed to this court on June 20, 2024, and the United States of America was substituted for Constantino.  Notice of Removal, Doc. 1; *see also* Civil Cover Sheet, Doc. 1-1, p. 1 ("Basis for jurisdiction" is given as "U.S. Government Defendant." The citizenship of the parties is not indicated.).  The U.S. Attorney's certification does not include defendant Northwest Hospital.

On June 27, 2024, the United States of America filed the pending motion.  Doc. 5.  The defendant argues that this court does not have subject matter jurisdiction as to the claim against the United States of America because the Tindells have not administratively exhausted their claim.  Doc. 5. The defendant is correct.

Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction to entertain a claim. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  When analyzing a facial challenge to the court's jurisdiction, the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*,  557 F.3d 1066, 1073 (9th Cir. 2009).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004),  *overruled on other grounds by Munoz v. Superior Court of Los Angeles Cnty*., 91 F.4th 977, 980 (9th Cir. 2024).  "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*  (punctuation modified). Because federal courts are courts of limited jurisdiction, the party invoking the jurisdiction of

the court has the burden of proof. *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022).

In this case, the defendant makes a factual attack on the Tindells' implicit claim to federal subject matter jurisdiction.

Discussion

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, *et seq.,* "provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The government accepts liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Before an FTCA claim can be filed, it must first be presented to the appropriate federal agency and denied in writing or denied constructively by inaction. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citing 28 U.S.C. s 2675(a)). "The failure of an agency to make final disposition of the claim within six months after it is filed" may be deemed a final denial. *Id*. "The requirement of an administrative claim is jurisdictional" and "must be strictly adhered to." *Brady*, 211 F.3d at 502.

The defendant provides an affidavit from Lisa Datta, a Staff Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services, who attests that the Tindells filed an administrative tort claim on March 6, 2024, but no final determination has been issued. Doc. 5-1, pp. 2-3, ¶ 4. Accordingly, the defendant moves that this court dismiss it from the action without prejudice for lack of subject matter jurisdiction. Doc. 5, p. 4.

In their response, the Tindells assert that they do not object to a dismissal of the defendant United States of America but they object to the dismissal of defendant Northwest Hospital. Doc. 9. They ask the court to allow them to file an Amended Complaint under this

case number. *Id*. They also request permission to amend this complaint at some time in the future to add defendant United States of America back into the action once their administrative claim is finalized. *Id*. They do not explain how this court would have jurisdiction over this proposed Amended Complaint.

In its reply, the defendant argues that if the current Complaint is not dismissed, the Tindells cannot amend their proposed Amended Complaint at some time in the future and add the defendant United States of America back into the action once administrative remedies are exhausted. Doc. 14. (*citing McNeil v. United States*, 508 U.S. 106 (1993) and *D.L. by and through Juno v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017)). The court concludes that this amendment issue need not be addressed because the plaintiffs fail to establish jurisdiction for this action to remain before this Court.

This court has no jurisdiction as to defendant United States of America because the Tindells failed to exhaust their administrative claim as required under the FTCA, the exclusive remedy for the plaintiffs' claim against the government. This court, therefore, never had original jurisdiction pursuant to 28 U.S.C. § 1346(b). And because this court never had original jurisdiction, this court never had supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the negligence claim against the defendant Northwest Hospital. *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under [28 U.S.C.] § 1367(c) to adjudicate the remaining claims; if the court dismisses *for lack of subject matter jurisdiction*, it has no discretion and must dismiss all claims" because "supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.") (emphasis added).

The Tindells do not argue that this court has original jurisdiction over their state-law negligence claim against Northwest Hospital. Nor does the Court find an independent basis in the record for subject matter jurisdiction as to the negligence claim against Northwest Hospital. There being no supplemental jurisdiction or independent ground for subject matter

jurisdiction as to the claim against defendant Northwest Hospital, the case as it relates to Northwest Hospital should be remanded to the Pima County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Marcial v. Palomar Pomerado Health Sys.*, 2007 WL 9776768, at *2 (S.D. Cal. Nov. 26, 2007) (When the plaintiffs conceded that they failed to administratively exhaust their FTCA claim, the remaining state law claims were remanded to state court pursuant to § 1447(c).).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order GRANTING the motion to dismiss (Doc. 5) pursuant to Fed.R.Civ.P 12(b)(1) and dismissing defendant United States of America from this action. The Magistrate Judge further recommends that the action as it relates to non-federal defendant Northwest Hospital be remanded to the Superior Court of Arizona, Pima County.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to *de novo* review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response without the express permission of the District Court.

IT IS ORDERED that the Clerk of the Court shall refer this matter to the Honorable Raner C. Collins pursuant to General Order 21-25.

DATED this 7th day of August, 2024.

_____
Honorable Michael A. Ambri
United States Magistrate Judge